No. 24-3094

IN THE
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

Minnesota Voters Alliance, et al.,

Plaintiffs-Appellants,

vs.

Keith Ellison, et al.,

Defendants-Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT
FOR THE DISTRICT OF MINNESOTA, NO. 0:23-CV-02774 (NEB/TNL)

# PETITION FOR REHEARING OR REHEARING EN BANC


KEITH ELLISON
Attorney General
State of Minnesota

ALLEN COOK BARR
NATHAN J. HARTSHORN
Assistant Attorneys General

445 Minnesota Street, Suite 600
St. Paul, Minnesota 55101-2125
(651) 757-1487

*Attorneys for Appellee Keith Ellison*

BRAD JOHNSON
Anoka County Attorney

JASON J. STOVER
Assistant County Attorney

Anoka County Government Center
2100 Third Avenue, Ste. 720
Anoka, Minnesota 55303-5025
(651) 757-1487

*Attorneys for Appellee Brad Johnson*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .......... ii

STATEMENT SUPPORTING PETITION .......... 1

BACKGROUND .......... 3

ARGUMENT .......... 4

I. THE PANEL'S DECISION CREATES AN INTRA-CIRCUIT CONFLICT REGARDING THE REQUIREMENTS FOR STANDING IN PRE-ENFORCEMENT CHALLENGES .......... 5

II. THE PANEL'S DECISION RESTS ON ARGUMENTS THAT MVA DID NOT RAISE AND THAT CONFLICT WITH SUPREME COURT PRECEDENT. .......... 7

III. THE PANEL'S DECISION CONFLICTS WITH THE SUPREME COURT'S DECISION PERMITTING PROHIBITIONS ON FALSE SPEECH ABOUT ELECTION PROCEDURES. .......... 9

IV. THE PANEL'S DECISION CONFLATES PROCEDURES FOR OBTAINING INJUNCTIVE RELIEF WITH A PRIOR RESTRAINT, CONFLICTING WITH FIRST CIRCUIT PRECEDENT. .......... 10

CONCLUSION .......... 12

## TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**


*Auburn Police Union v. Carpenter*,
8 F.3d 886 (1st Cir. 1993) .......... 2, 10, 11

*Christian Action League of Minn. v. Freeman*,
31 F.4th 1068 (8th Cir. 2022) .......... 1, 5

*Davis v. United States*,
417 U.S. 333 (1974) .......... 8

*Harper v. Va. Bd. of Elections*,
383 U.S. 663 (1966) .......... 7

*Hershey v. Jasinski*,
86 F.4th 1224 (8th Cir. 2023) .......... 11

*Minn. Voters All. v. Mansky*,
585 U.S. 1 (2018) .......... 2, 9

*Moody v. NetChoice, LLC*,
603 U.S. 707 (2024) .......... 11

*Nixon v. Herndon*,
273 U.S. 536 (1927) .......... 1, 8

*Susan B. Anthony List v. Driehaus*,
573 U.S. 149 (2014) .......... 5

*The Ku Klux Cases*,
110 U.S. 651 (1884) .......... 8

*United States v. Alvarez*,
567 U.S. 709 (2012) .......... 6

*Uzuegbunam v. Preczewski*,
592 U.S. 279 (2021) .......... 1, 8

**FOREIGN CASES**

*Ashby v. White*,
(1703) 92 Eng. Rep 126 (KB) ........ 8

**FEDERAL STATUTES AND RULES**

52 U.S.C. §§ 10101-02, 10301 ........ 8

Fed. R. App. P. 40 ........ 4

**STATE STATUTES**

Minn. Stat. § 201.014 ........ 3

Minn. Stat. § 201.225 ........ 6

Minn. Stat. § 211B.075 ........ Passim

## STATEMENT SUPPORTING PETITION

Minnesota Attorney General Keith Ellison and Anoka County Attorney Brad Johnson petition this Court for rehearing or rehearing en banc of the panel's opinion filed August 20, 2026. Rehearing is necessary for four reasons.

First, the panel's decision on standing conflicts with circuit precedent. This Court has previously held that to establish standing in a pre-enforcement challenge under the First Amendment, the challenged statute must proscribe the plaintiff's planned conduct. *Christian Action League of Minn. v. Freeman*, 31 F.4th 1068, 1072 (8th Cir. 2022). The panel, however, only considered whether Appellants Minnesota Voters Alliance, Mary Amlaw, Ken Wendling, and Tim Kirk *feared* enforcement, not whether the statute proscribed their conduct in the first place. The panel's analysis thus conflicts with *Christian Action League*.

Second, the panel's decision conflicts with Supreme Court precedent on whether the denial of the right to vote is a legally cognizable harm. The Supreme Court has recognized that denying the right to vote is a legally cognizable harm. *Uzuegbunam v. Preczewski*, 592 U.S. 279, 287 (2021); *Nixon v. Herndon*, 273 U.S. 536, 540 (1927). The panel correctly held that speech causing a cognizable harm is unprotected by the First Amendment. But it then concluded that, despite Supreme Court precedent to the contrary, no historical tradition recognizes interference with voting rights as a legally cognizable harm.



Appellate Case: 24-3094 Page: 5 Date Filed: 09/17/2026 Entry ID: 5684796

Third, the panel's decision conflicts with Supreme Court precedent directly addressing statutes like the one challenged here. The Supreme Court has held that states "may prohibit messages intended to mislead voters about voting requirements and procedures." *Minn. Voters All. v. Mansky*, 585 U.S. 1, 18 n.4 (2018). The challenged statute does just that: it prohibits knowingly false statements when the speaker intends to impede or prevent another person from exercising the right to vote. Minn. Stat. § 211B.075, subd. 2. The panel's decision that the statute violates the First Amendment contradicts *Mansky*.

Fourth, the panel's decision conflicts with the decision of another U.S. court of appeals. The First Circuit has previously addressed statutes that authorize injunctive relief against speech but do not themselves impose a prior restraint. *Auburn Police Union v. Carpenter*, 8 F.3d 886, 903 (1st Cir. 1993). That court recognized that statutes that merely authorize injunctions in specific cases are not themselves prior restraints. *Id.* at 903-04. It then held that such statutes generally are not subject to facial challenges on that basis. *Id.* The panel's decision contradicts this holding, assuming that proceedings under the statute will necessarily violate the First Amendment without waiting to see whether the procedures employed in a specific case provide the safeguards necessary to satisfy the First Amendment.

The Court should grant rehearing or rehearing en banc.

## BACKGROUND

In 2023, the Minnesota Legislature enacted Minn. Stat. § 211B.075 to protect voters from deceptive practices intended to interfere with their right to vote. The statute prohibits knowingly false statements only when the speaker intends to impede or prevent another person from exercising the right to vote. Minn. Stat. § 211B.075, subd. 2 (2024). It also authorizes the Attorney General, county attorneys, and other people injured by a violation of the statute to bring a civil action to enjoin a planned violation. *Id.*, subd. 4(b).

Appellants Minnesota Voters Alliance, Mary Amlaw, Ken Wendling, and Tim Kirk (collectively "MVA") wish to state that "felons still serving their sentences do not have a right to vote in Minnesota." (Doc. 13 at 6.) This statement is false as a matter of law. State law permits people on probation or supervised release to vote. Minn. Stat. § 201.014, subd. 2a (2024). MVA nevertheless says that it believes the statement is true. And it also has repeatedly emphasized that, by uttering the statement, it does not intend to interfere with voting rights. (Doc. 13 at 6, 9-10, 18-19.)

Despite MVA affirmatively disclaiming the requisite intent to violate the statute, it brought a pre-enforcement challenge against it and sought a preliminary injunction. (Doc. 13 at 24-32.) The district court dismissed the complaint and denied the preliminary injunction. (Doc. 53 at 14.) The court held that, because MVA



Appellate Case: 24-3094 Page: 7 Date Filed: 09/17/2026 Entry ID: 5684796

admitted it lacked the intent required by the statute, the statute did not proscribe MVA's desired conduct. (*Id.* at 7-8.) It also held that, even if the statute proscribed MVA's desired speech, that proscription did not violate the First Amendment. (*Id.* at 8-11.) Finally, the court dismissed MVA's facial prior-restraint and vagueness challenges on the merits. (*Id.* at 11-14.)

The panel reversed the denial of the preliminary injunction based on MVA's content-discrimination and prior-restraint claims. It held that MVA had standing to challenge the statute and that its desired speech was protected by the First Amendment. The panel also held that the procedural framework one could use to potentially obtain an injunction before a violation occurs is itself a prior restraint.

**ARGUMENT**

Panel rehearing is appropriate when the panel has overlooked or misapprehended one or more points of law. Fed. R. App. P. 40(b)(1)(A). En banc rehearing is appropriate when the panel's decision conflicts with a prior decision of the Court, a decision of the U.S. Supreme Court, or an authoritative decision of another federal court of appeals, as well as when the proceeding involves one or more questions of exceptional importance. *Id.* 40(b)(2)(A)-(D).

Rule 40's criteria are satisfied here. The panel's decision conflicts with this Court's precedent on standing in pre-enforcement challenges and with Supreme Court precedent about categories of speech unprotected by the First Amendment.



Appellate Case: 24-3094 Page: 8 Date Filed: 09/17/2026 Entry ID: 5684796

The panel's decision also conflicts with First Circuit precedent on facial challenges to statutes that authorize courts to enjoin speech in particular cases but do not themselves impose a prior restraint. Finally, the case involves the exceptionally important question of states' ability to prevent interference with fundamental voting rights. The Court should grant rehearing or rehearing en banc.

## I. The Panel's Decision Creates an Intra-Circuit Conflict Regarding the Requirements for Standing in Pre-Enforcement Challenges.

Standing for a pre-enforcement challenge requires a plaintiff to "allege[ ] an intention to engage in a course of conduct . . . proscribed by a statute, and . . . a credible threat of prosecution thereunder." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014). Both halves matter. A plaintiff must intend to do something the statute forbids; otherwise, there is no pre-enforcement case. Applying *Driehaus*, this Court has held that—with respect to whether a law proscribes the plaintiff's intended conduct—standing "turns on a single question: is [the plaintiff's] planned conduct criminalized by the Statute?" *Christian Action League of Minn. v. Freeman*, 31 F.4th 1068, 1072 (8th Cir. 2022). If the statute does not prohibit the plaintiff's planned conduct, the plaintiff lacks standing to bring a pre-enforcement challenge. *Id.*

The panel's decision contradicted this Court's holding in *Christian Action League* and substituted a different standard. It disregarded whether MVA's planned



Appellate Case: 24-3094 Page: 9 Date Filed: 09/17/2026 Entry ID: 5684796

conduct violated the statute and instead focused solely on whether MVA had a credible fear of enforcement. (Op. 5-6.) In doing so, the panel failed to address the question that this Court had previously identified as critical to standing: whether MVA's planned conduct was actually prohibited.

The panel failed to reach that question because it read the intent element out of the statute and focused solely on falsity. (*Id.* at 8-9.) Having jumped that gap, the panel then applied *United States v. Alvarez*'s holding that some false statements receive First Amendment protection to the statute. (*Id.* (citing *United States v. Alvarez*, 567 U.S. 709 (2012).) But this case is distinguishable from *Alvarez* because the statute in question here has an intent element that the statute in *Alvarez* lacked. *Compare* 567 U.S. at 715, *with* Minn. Stat. § 201.225, subd. 2(a)(1). And MVA's lack of intent takes its planned conduct outside the statute.

If the panel had applied the correct standard, it would have come to a different conclusion. This is because MVA says that it believes its proposed statement is true and insists that it does not intend to impede or prevent anyone from exercising the right to vote. (R. Doc. 13 at 6, 9-10, 18-19.) That mens rea definitionally removes MVA's conduct from the challenged statute's prohibitions, all of which require knowledge that a statement is false, an intent to interfere with voting rights, or both. Minn. Stat. § 211B.075, subds. 1-3. MVA did not allege an intent to engage in a course of conduct proscribed by a statute; it alleged the opposite. It therefore lacked



Appellate Case: 24-3094 Page: 10 Date Filed: 09/17/2026 Entry ID: 5684796

standing under *Christian Action League*, and the panel's decision to the contrary conflicts with this Court's precedent.

## II. THE PANEL'S DECISION RESTS ON ARGUMENTS THAT MVA DID NOT RAISE AND THAT CONFLICT WITH SUPREME COURT PRECEDENT.

The panel also erred by holding that no historical tradition protected against interference with voting rights. This was error both because MVA did not make that argument and because the panel's conclusion conflicts with Supreme Court precedent.

In concluding that the challenged statute reached speech protected by the First Amendment, the panel considered whether the prohibited speech caused a legally cognizable harm. (Op. 10.) The panel did so because it accepted Minnesota's argument that prohibitions on speech causing such harms do not violate the First Amendment. (*Id.*) The panel went on, however, to hold that Minn. Stat. § 211B.075 was still subject to First Amendment scrutiny because there was no historical tradition recognizing interference with voting rights as a "legally cognizable" harm. (*Id.* at 10-11.) This holding was error. The error was compounded because MVA did not raise the alleged absence of a historical tradition, leaving the appellees no opportunity to address the issue.

Voting is a fundamental right. *Harper v. Va. Bd. of Elections*, 383 U.S. 663, 667 (1966). And a historical tradition of protecting that right—including against attempted interference with the right—via a private right of action exists.

In discussing voting rights as they existed before the constitution, the Supreme Court has repeatedly pointed to Chief Justice Holt's dissent in *Ashby v. White*, and the House of Lords' ultimate endorsement of the dissent's position. *E.g.*, *Uzuegbunam v. Preczewski*, 592 U.S. 279, 287 (2021) (citing *Ashby v. White* (1703), 92 Eng. Rep. 126 (KB)). *Ashby* was a King's Bench case involving the denial of the right to vote. Chief Justice Holt reasoned that "if [someone] be hindered in the enjoyment of that right [to vote], the law gives him an action against the disturber." *Ashby*, 92 Eng. Rep. at 134 (Holt, C.J., dissenting). Justice Holt concluded that an action would lie even absent damages. *Id*. at 137. As the Supreme Court has recognized, the House of Lords ultimately reversed the majority's decision, vindicating Justice Holt's view that interference with the right to vote constituted a cognizable legal injury. *Uzuegbunam*, 592 U.S. at 287. Other Supreme Court cases have likewise recognized that injury. *E.g.*, *Nixon v. Herndon*, 273 U.S. 536, 540 (1927); *see also The Ku Klux Cases*, 110 U.S. 651, 654-55 (1884) (rejecting challenge to statute criminalizing conspiracy to interfere with voting rights, regardless of conspiracy's success), *abrogated on other grounds by Davis v. United States*, 417 U.S. 333 (1974). Congress has similarly recognized such injuries, enacting protections against them in the Civil Rights Act of 1964 and the Voting Rights Act of 1965. *See, e.g.*, 52 U.S.C. §§ 10101-02, 10301-14.

The panel's conclusion, unprompted by MVA, that no such cognizable harm exists cannot be squared with this historical tradition or the Supreme Court precedent recognizing it.

## III. THE PANEL'S DECISION CONFLICTS WITH THE SUPREME COURT'S DECISION PERMITTING PROHIBITIONS ON FALSE SPEECH ABOUT ELECTION PROCEDURES.

Eight years ago, in a case involving MVA, the Supreme Court held that "the State may prohibit messages intended to mislead voters about voting requirements and procedures." *Minn. Voters All. v. Mansky*, 585 U.S. 1, 18 n.4 (2018). Minnesota's statute prohibits a narrower category of such speech: materially false statements made with knowledge of their falsity and with the intent to impede or prevent another person from exercising the right to vote. *See* Minn. Stat. § 211B.075, subd. 2. Yet the panel brushed *Mansky*'s holding aside in one sentence, stating that "to say the government *may* do something does not mean it *always can*." (Op. 9.) That reasoning drains *Mansky* of any operative content. *Mansky* identified a category of speech—messages intended to mislead voters about voting requirements and procedures—and held that states could prohibit it.

The panel avoids *Mansky*'s holding by suggesting that "*Mansky* did not say that misleading speech about elections receives no First Amendment protection." (*Id.*) But while the Supreme Court did not use those words, that conclusion follows necessarily from *Mansky*. If a state "may prohibit messages," then those messages

necessarily are not protected by the First Amendment. The panel's holding to the contrary conflicts with controlling Supreme Court precedent and compels rehearing.

## IV. The Panel's Decision Conflates Procedures for Obtaining Injunctive Relief with a Prior Restraint, Conflicting with First Circuit Precedent.

The panel decision conflicts with sister-circuit precedent distinguishing between prior restraints and statutes that merely authorize courts to enjoin speech in particular cases. The challenged statute permits an action to restrain violations before they occur. Minn. Stat. § 211B.075, subd. 5(b). The panel correctly recognized that the statute merely "authorizes" a court to restrain speech before a violation occurs. (Op. 18.) But it nevertheless analyzed the statute as if it were a prior restraint. (*See id*. at 17 ("As prior restraints go, *this one* has several problematic features." (emphasis added)).)

This analysis conflicts with the First Circuit's decision in *Auburn Police Union v. Carpenter*, 8 F.3d 886 (1st Cir. 1993). There, the court recognized that a facial challenge to a statute authorizing injunctions did not present any prior restraint for review. *Id*. at 903-04 & n.26. The court explained that, without knowing the terms of a particular injunction, it would be difficult if not impossible to determine whether an injunction issued under the statute would violate the prior-restraint doctrine. *Id*. at 903-04. It therefore rejected the facial challenge to the statutory



Appellate Case: 24-3094 Page: 14 Date Filed: 09/17/2026 Entry ID: 5684796

provision authorizing injunctions, "leaving for another day" whether a specific injunction constituted an unlawful prior restraint. *Id.* at 904.

This Court has previously recognized a similar principle, stating that a facial challenge must rise or fall on a statute's text, not on how it is applied in particular circumstances. *Hershey v. Jasinski*, 86 F.4th 1224, 1231 (8th Cir. 2023); *see also Moody v. NetChoice, LLC*, 603 U.S. 707, 723 (2024) (recognizing that facial challenges short circuit the democratic process by preventing duly enacted laws from being implemented in constitutional ways). The panel nevertheless took a different approach, assuming the worst about hypothetical future orders and disregarding the possibility that a particular injunction could satisfy the constitutional requirements governing prior restraints. In doing so, the panel did precisely what the First Circuit cautioned against in *Auburn Police Union*: it invalidated the statutory provision without waiting to see whether state courts limited the issuance of injunctions to circumstances in which they would be constitutional. 8 F.3d at 903.

The panel's decision conflicts with First Circuit precedent and risks creating confusion over whether statutes that authorize injunctive relief against speech are themselves prior restraints. The Court should grant rehearing to resolve these concerns.



Appellate Case: 24-3094 Page: 15 Date Filed: 09/17/2026 Entry ID: 5684796

## CONCLUSION

For all the above reasons, the Attorney General and Anoka County Attorney ask the Court to grant rehearing or rehearing en banc, vacate the panel's opinion, and file a substitute opinion affirming denial of a preliminary injunction.

Dated: September 17, 2026

Respectfully submitted,

KEITH ELLISON
State of Minnesota
Attorney General
/s/**Allen Cook Barr**
ALLEN COOK BARR (#0399094)
NATHAN J. HARTSHORN (#0320602)
Assistant Attorneys General

445 Minnesota Street, Suite 600
St. Paul, Minnesota 55101-2125
(651) 757-1487 (Voice)
allen.barr@ag.state.mn.us
nathan.hartshorn@ag.state.mn.us

ATTORNEYS FOR APPELLEE
KEITH ELLISON

BRAD JOHNSON
ANOKA COUNTY ATTORNEY
/s/**Jason J. Stover**
JASON J. STOVER (#30573X)
Assistant Anoka County Attorney

2100 Third Avenue, Ste. 720
Anoka, Minnesota 55303-5025
(763) 324-5450
jason.stover@anokacountymn.gov

ATTORNEYS FOR APPELLEE
BRAD JOHNSON



Appellate Case: 24-3094 Page: 16 Date Filed: 09/17/2026 Entry ID: 5684796

**CERTIFICATE OF COMPLIANCE**
**WITH FRAP 32**

1. This petition complies with the type-volume limitation of Fed. R. App. P. 40(d)(3)(A) because this petition contains 2,561 words, excluding the parts exempted by Fed. R. App. P. 32(f).

2. This petition complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14 pt Times New Roman font.

/s/**Allen Cook Barr**
ALLEN COOK BARR
Assistant Attorney General

**CERTIFICATE OF COMPLIANCE**
**WITH 8th Cir. R. 28A(h)(2)**

The undersigned, on behalf of the party filing and serving this petition, certifies that the petition has been scanned for viruses and that the brief is virus-free.

/s/**Brenda Hanson**
BRENDA HANSON

## CERTIFICATE OF SERVICE

I certify that I caused this document to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system on September 17, 2026. All participants in this case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

/s/**Allen Cook Barr**
ALLEN COOK BARR
Assistant Attorney General



Appellate Case: 24-3094 Page: 18 Date Filed: 09/17/2026 Entry ID: 5684796